## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CANDANCE BOYER, *individually and
on behalf of all others similarly situated*,

               Plaintiff,

v.

LIBERTY MUTUAL PERSONAL
INSURANCE COMPANY,

               Defendant.

_____/

Case No. 2:24-cv-12051

Hon. Brandy R. McMillion
United States District Judge

## <u>OPINION AND ORDER GRANTING DEFENDANT'S</u>
## <u>MOTION TO DISMISS (ECF NO. 27)</u>

Plaintiff Candance Boyer ("Boyer") brought this civil action on behalf of herself and others similarly situated against Liberty Mutual Personal Insurance Company ("LMPIC") for a violation of the Michigan No Fault Automobile Insurance Act, MICH. COMP. LAW. § 500.3101, *et seq.* ("the No-Fault Act" or "the Act"), breach of contract and the implied covenant of good faith and fair dealings. [1] *See* ECF Nos. 1, 18, 26. LMPIC now moves to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 27. The Motion has been adequately

---

[1] The Complaint was originally filed against Liberty Mutual Insurance Company, Safeco Insurance Company of Illinois, State Auto Mutual Insurance Companies, Liberty Mutual Group Inc., and Liberty Mutual Personal Insurance Company. *See* ECF Nos. 1, 18. After the Court granted leave to amend, *see* ECF No. 25, the allegations in the Second Amended Complaint ("SAC") were brought only against LMPIC. *See* ECF No. 26.

briefed so the Court will rule without a hearing. *See* ECF Nos. 32, 33; E.D. Mich. LR 7.1(f)(2). LMPIC also filed a Motion for Leave to Submit Supplemental Authority in support of its Motion to Dismiss. *See* ECF No. 31. The parties also fully briefed that motion. *See* ECF No. 32, 33. The Court, having reviewed the supplemental authority, **GRANTS** the Motion to submit supplemental authority (ECF No. 31); and for the reasons stated below, the Court **GRANTS** the Motion to Dismiss (ECF No. 27).

## I.

Boyer is currently the family attendant caregiver to her mother, Gloria Boyer ("Gloria"). Gloria is an insured of LMPIC. On April 22, 2024, Gloria was involved in a car accident and sustained injuries. *See* ECF No. 29, PageID.388. Her policy through LMPIC included personal injury protection, subject to the implication of Michigan's No-Fault Act. ECF No. 27-1, PageID.362. The Act was adopted with the goal to provide reparations for certain economic losses to victims of motor vehicle accidents. *See* ECF No. 26, PageID.264. It allows for the reimbursement of attendant care services when an insured has been injured in a motor vehicle accident.

Boyer provided attendant care services for her mother following Gloria's car accident. ECF No. 29, PageID.388. She submitted claims for payment directly to LMPIC for her services. ECF No. 26, PageID.260; ECF No. 29, PageID.388. LMPIC "reviewed, approved, and paid" for the attendant care services Boyer

provided, but only "approved and paid for" those services at a "[s]traight-time hourly rate[.]" *See* ECF No. 29, PageID.388.  Boyer often provided attendant care services, which exceeded 40 hours a week.  She now claims that she was under paid for those hours exceeding 40 hours a week and LMPIC should have paid her overtime, or "premium pay," at 1.5 times the agreed-to rate for the excess hours.  *See id.*

On August 6, 2024, Boyer filed this action, on her behalf and all those similarly situated, alleging a violation of the Michigan No-Fault Act, breach of contract, and breach of the implied covenant of good faith and fair dealing.  *See generally* ECF No. 1.  The Complaint was amended, as of right, to add LMPIC as a party.  *See* Fed. R. Civ. P. 15(a); ECF No. 18.  The Amended Complaint alleged LMPIC was in violation of the Act for failure to pay overtime.  *See generally* ECF No. 26.

LMPIC then moved to dismiss the complaint, arguing in part that Boyer failed to plead sufficiently detailed allegations.  ECF No. 22.  In response, Boyer requested leave to amend, which the Court granted.  *See* ECF No. 24, PageID.254; ECF No. 25.  Boyer filed a Second Amended Complaint.  ECF No. 26.  She maintains that she was underpaid for the extra hours worked over 40 hours, and as a result, LMPIC has violated the Michigan No-Fault Act, breached their insurance contract and the implied covenant of good faith and fair dealing.  *Id.*  LMPIC again moved to dismiss asserting that Boyer fails to state a claim in her Second Amended Complaint.  *See*

3

ECF No. 27. This Motion was fully briefed. *See* ECF Nos. 29, 31. Having reviewed the parties' briefs and subsequently filed supplemental authority, the Court finds oral argument unnecessary and will decide the Motion based on the record before it. *See* E.D. Mich. LR 7.1(f).

**II.**

A plaintiff has an obligation to file a complaint that is "plausible on its face." *See City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 503 (6th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To avoid dismissal under Federal Rule 12(b)(6), a plaintiff's well-pleaded factual allegations must "allow []the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

In reviewing a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff. *See Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023). The Court also must "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Twombly*, 550 U.S. at 555-56). But pleadings that are no more than legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3.

4

Generally, whether a plaintiff has sufficiently pled its claim depends on the factual allegations within the four corners of the plaintiff's complaint. *See Caraway v. Corecivic of Tenn., LLC.*, 98 F.4th 679, 687-88 (6th Cir. 2024); Fed. R. Civ. P. 12(d). But exhibits attached to the motions may be considered in ruling on a 12(b)(6) motion without converting the motion into one for summary judgment "so long as they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 695 (6th Cir. 2018) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

### III.

### A.   MICHIGAN NO-FAULT ACT

The Michigan No-Fault Act obligates an insurer to pay "allowable expenses," which are "reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery and rehabilitation." MICH. COMP. LAWS § 500.3107. A plaintiff bringing a claim under the Act bears "the burden of establishing reasonableness of the charges in order to impose liability on the insurer." *Advoc. Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 670 N.W.2d 569, 578 (Mich. Ct. App. 2003). LMPIC argues that Boyer lacks standing to sue under the No-Fault Act and that her claim fails as a matter of law. ECF No. 27, PageID.298. The Court will address each argument in turn.

### 1. Standing

As a threshold matter, the Court finds LMPIC's standing argument meritless. LMPIC argues that the Michigan Supreme Court has found that nothing in the Act confers a right on any person other than the insured to sue a no-fault insurer. *See* ECF No. 27, PageID.305 (citing *Covenant Medical Center, Inc. v. State Farm Auto. Ins. Co.*, 895 N.W.2d 490, 504 (Mich. 2017)). LMPIC further asserts that despite amendment to the Act to vest health care providers with a direct statutory cause of action, Boyer does not have standing because she fails to identify herself "as a health care provider subject to MICH. COMP. LAWS § 500.3157(1) through (14)." ECF No. 27 at PageID.305. The Court disagrees.

The No-Fault Act, as amended, allows not only policy holders but also health care providers to sue insurers for failure to provide coverage for allowable expenses, including attendant care services. *See* MICH. COMP. LAWS §§ 500.3112, 500.3145. In the complaint, Boyer states that she is a health care provider subject to § 3157 because she is "providing attendant care services to her mother, Gloria Boyer." *See* ECF No. 29, PageID.397 (citing ECF No. 26, PageID.261). It is well established under Michigan law that providing attendant care services subjects you to the provisions under § 3157, whether licensed to provide such care or not. *See Bonkowski v. Allstate Ins. Co.*, 761 N.W.2d 784, 791 (Mich. Ct. App. 2008). Thus, Boyer's allegations are sufficient to allege facts to confer standing under § 3157.

## 2.  Failure to State a Claim

LMPIC also alleges Boyer fails to state a claim under the No-Fault Act because the Act imposes no obligation to pay an overtime premium for family provided attendant care services exceeding 40 hours per week.  *See* ECF No. 27, PageID.298.  The Court agrees.

Under Michigan law, an insured has the burden to prove her entitlement to no-fault benefits.  *See Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012) (citing *U.S. Fid. Ins. & Guar. Co. v. Mich. Catastrophic Claims Ass'n*, 795 N. W.2d 101, 110 (Mich. 2009)).  The No-Fault Act provides that an insurer is liable to pay benefits for "allowable expenses," defined as "reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation."  *See* MICH. COMP. LAWS. § 500.3107(1)(a).  Michigan courts have held that reasonable charges under the act includes compensation for lay providers of attendant care services.  *See id.*; *Bonkowski,* 761 N.W.2d at 791.  "To be reimbursed for an 'allowable expense' under § 3107(1)(a), a plaintiff bears the burden of proving that (1) the charge for the service was reasonable, (2) the expense was reasonably necessary and (3) the expense was incurred."  *See Armisted*, 675 F.3d at 995 (citing *Williams v. AAA Mich.*, 646 N.W.2d 476, 480 (Mich. 2002)).  But after submission of a claim, insurers must also be given an opportunity to determine whether the expenses alleged are reasonable before

7

reimbursement.  *See Advocacy*, 670 N.W.2d at 577-78.  Gloria's policy with LMPIC reflects the same requirement.  *See* ECF No. 27-1, PageID.339.  And Boyer has alleged no facts that she submitted a request for overtime pay to comply with that process.

Instead, as Boyer stated in the Complaint, "[p]laintiff's No-Fault claim was (1) ***approved*** as to the no fault claims for attendant care benefits, . . . ., and (4) ***Defendant has issued payment*** on the approved claims[.]"  *See* ECF No. 26, PageID.260 (emphasis added).  Even in viewing the facts in the light most favorable to Boyer, there is no further entitlement to payment as Boyer's claims as submitted have been approved and paid.  Contrary to Boyer's assertions, LMPIC does not have an obligation under Michigan law to pay overtime pay for the reasonable market value of the attended care services she rendered to Gloria.  *See* ECF No. 29, PageID.390.

For support, Boyer relies on two published opinions issued from the Michigan Court of Appeals: *Hardrick v. Auto Club, Inc. Ass'n*, 819 N.W.2d 28 (2011) and *Bonkowski v. Allstate Ins. Co.*, 761 N.W.2d 784 (2008).  Rather than providing support for Boyer's argument of entitlement to an overtime premium, *Hardrick* and *Bonkowski* address different issues.  *Hardrick* concerns the role of the jury in deciding the reasonable market value of services to be covered under the No-Fault Act; while *Bonkowski* addresses the relation between reasonable rates for that of

8

family care givers compared to licensed professionals.  *See Hardrick*, 819 N.W.2d at 37-39; *Bonkowski*, 761 N.W.2d at 794.  Neither holds that overtime is required under the No-Fault Act.  And in fact, other Courts have held, that overtime for attendant care services are not required under the No-Fault Act.  *See Brown v. State Farm Mut. Auto. Ins. Co.*, No. 1:24-cv-01263, 2025 WL 2157881, at *4 (W.D. Mich. June 16, 2025).  And that holds even if there is a question as to the reasonableness of payment.  *See Moore v. Auto Club Grp.*, No. 2:19-cv-10403, 2025 WL 2265434, at *4 (E.D. Mich. Aug. 7, 2025).

Here, Boyer does not allege that overtime for any attendant care services exceeding 40 hours was negotiated by Gloria or Boyer.  To the contrary, Boyer states that she filed claims for her services which were evaluated and fully paid by LMPIC.  *See* ECF No. 26, PageID.260.  LMPIC also points out Boyer also does not allege she ever provided any proof of the amount of overtime premium she was owed for LMPIC to make a reasonable determination for the amount to pay.  *See* ECF No. 30, PageID.410; *see also Advocacy*, 670 N.W.2d at 577-78 ("[I]nsurers must determine in each instance whether a charge is reasonable in light of the service or product provided.").  Even to the extent that Boyer argues that "overtime is a proper consideration in the analysis of what is reasonable," *see* ECF No. 29, PageID.391, the Complaint is void of any allegations that she sought overtime pay and LMPIC denied it as unreasonable.

Consequently, as a matter of law, Boyer cannot show that she is entitled to overtime payment either under the statute or the case law.  The Complaint fails to allege that she charged anything but a flat hourly rate, and therefore, her request that she now be compensated more (*e.g.* time and a half for any hours exceeding 40 hours) than what she originally claimed and was paid, does not assert a plausible cause of action under the No-Fault Act.  Therefore, Count I fails as a matter of law.

### B.   BREACH OF CONTRACT

LMPIC alleges the breach of contract claim should be dismissed because Boyer failed to properly meet the essential elements of a breach of contract claim. *See* ECF No. 27, PageID.307.  The Court agrees.

In Michigan, a party asserting a breach of contract must establish that "(1) there was a contract (2) which the other party breached (3) thereby resulting in [injury] to the party claiming breach." *Miller-Davis Co. v. Ahrens Constr., Inc.*, 848 N.W.2d 95, 104 (Mich. 2014)).  An insurance policy constitutes a contractual agreement between the insurer and the insured, but the insurer's obligation run to the insured alone. *See Shathaia v. Travelers Cas. Ins. Co of Am.*, 984 F. Supp. 2d 714, 722 (E.D. Mich. 2013) (citation omitted).  However, under the terms of the insurance policy, Gloria could have assigned her rights to Boyer so that she could properly bring a claim against LMPIC under the personal protection insurance terms. *See* ECF No. 27, PageID.341.  But the Complaint is void of any allegations that

Gloria assigned her rights.  *See generally* ECF No. 26; ECF No. 27, PageID.306. Without an assignment, Boyer is not in privity of contract to sue under its terms; and that is reason enough to dismiss the breach of contract claim.

However, even if she could establish a right to sue under the policy (*e.g.* as a third-party beneficiary), Boyer cannot show the remaining two elements – breach or injury.  Accepting all the facts alleged as true, LMPIC has not breached the terms of the insurance policy, nor has Boyer been injured.  Boyer's allegations are void of any reference to a term that requires she be paid overtime.  ECF No. 27, PageID.308. She alleges that overtime is required because the insurance contract must comply with the No-Fault Act.  ECF No. 29, PageID.399 (citing ECF No. 26, PageID.271). For the same reasons stated above, the No-Fault Act does not mandate overtime, and therefore the allegations related to breach are insufficient.

Similarly, Boyer cannot show injury.  As discussed, the Complaint alleges that LMPIC paid Boyer in full for all claims submitted.  *See* ECF No. 26, PageID.260.  A retroactive realization that maybe Boyer should have requested more is not sufficient to establish injury.  Consequently, the breach of contract claim should be dismissed as a matter of law.

11

## C. IMPLIED COVENANT THEORY

Finally, LMPIC alleges Boyer's claim for breach of an implied covenant of good faith and fair dealing should be dismissed because Boyer cannot state a claim for breach of contract. *See* ECF No. 27, PageID.310. The Court agrees.

"Unlike some other jurisdictions, Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *In re Leix Estate*, 797 N.W.2d 673, 683 (Mich. Ct. App. 2010) (quotation marks and citation omitted); *see Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 718 (E.D. Mich. 2005) ("Michigan does not . . . recognize a claim for breach of an implied covenant of good faith and fair dealing separate from an action on the underlying contract.") (citing *Belle Isle Grill Corp. v. Detroit*, 666 N.W.2d 271 (Mich. Ct. App. 2003)). The breach of the implied covenant in the performance of contracts is only recognized where one party to the contract makes performance a matter of its own discretion." *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003) (citation omitted). Here, that is not the case. Boyer alleges no provisions of the insurance policy that provide for LMPIC's discretion. The decision to pay overtime is not at issue here, as it was not negotiated and was not a term of the agreement. So it follows that because Boyer's breach of contract claim fails, so too does Boyer's claim for a breach of the implied covenant of good faith and fair dealing. Therefore, Count II is dismissed as a matter of law.

## IV.

Accordingly, the Court finds Boyer's claims under the No-Fault Act (Count I) and Breach of Contract (Count II) both fail to state a plausible claim of relief. It follows, therefore, that any class claim similarly fails. Consequently, the Court **GRANTS** LMPIC's Motion to Dismiss (ECF No. 27) and this case is **DISMISSED WITH PREJUDICE**.

*This is a final order that closes this case.*

**IT IS SO ORDERED.**

Dated: September 24, 2025                          s/Brandy R. McMillion
      Detroit, Michigan                          HON. BRANDY R. MCMILLION
                                  United States District Judge